**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-6175**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

LORENE CHITTENDEN,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Anthony John Trenga, Senior District Judge.  (1:12-cr-00394-AJT-4)

_____

Submitted:  February 27, 2025           Decided:  March 12, 2025

_____

Before KING and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Dismissed in part and affirmed in part by unpublished per curiam opinion.

_____

Lorene Chittenden, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lorene Chittenden seeks to appeal the district court's order denying as moot her motion for an extension of time to appeal and denying her motion for appointment of counsel, motion to appeal in forma pauperis, and letter motion (the "January 31, 2024, order"). She also seeks to appeal the district court's garnishment disposition order and the underlying restitution order in her criminal case.[1] We deny Chittenden's motion for appointment of counsel and, for the reasons that follow, affirm in part and dismiss in part.

In criminal cases, the defendant must file the notice of appeal within 14 days after the entry of the judgment or order appealed. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4). Because the appeal period in a criminal case is not a jurisdictional provision, but rather a claim-processing rule, *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009), we generally decline to dismiss an untimely criminal appeal where, as here, the Government has not moved to dismiss the untimely appeal, *United States v. Oliver*, 878 F.3d 120, 129 (4th Cir. 2017). However, when adjudicating an untimely criminal appeal "would significantly implicate the efficiency and integrity of the judicial process," *id.* at 127, we may exercise our inherent authority to dismiss the appeal sua sponte, *id.* at 128-29.

---

[1] Although Chittenden did not designate the garnishment disposition order or the restitution order in her notice of appeal, we liberally construe her original informal brief as the functional equivalent of a notice of appeal from those orders. *See Smith v. Barry*, 502 U.S. 244, 247-49 (1992); *Jackson v. Lightsey*, 775 F.3d 170, 176 (4th Cir. 2014).

2

Chittenden noted her appeal of both the January 31, 2024, order and the garnishment disposition order outside the 14-day appeal period applicable to those orders. Nevertheless, we decline to dismiss Chittenden's appeal of those orders sua sponte. *See id.* at 127-29. The restitution order, however, is readily distinguishable. The district court entered its postjudgment restitution order on March 9, 2015. Chittenden noted her current appeal of that order on April 4, 2024, nine years out of time. Because Chittenden failed to file a timely notice of appeal or to obtain an extension of the appeal period, the appeal is untimely. Although the Government has not invoked the appeal's untimeliness, we conclude that this portion of the appeal presents circumstances we previously have recognized as warranting sua sponte dismissal. *See id.* at 128-29. We therefore dismiss Chittenden's appeal of the restitution order as untimely.

With respect to the January 31, 2024, order, we confine our review to the issues raised in the informal briefs. *See* 4th Cir. R. 34(b). Because Chittenden's informal briefs do not challenge the basis for the district court's disposition, she has forfeited appellate review of the court's order.[2] *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief."). Accordingly, we affirm the district court's

---

[2] In any event, even if we were to construe Chittenden's informal briefs to challenge the district court's denial of her motion for an extension of the appeal period, any success in challenging that ruling would entitle Chittenden to no greater relief than we otherwise afford her today—consideration of her appeal of the garnishment disposition order.

3

order. *United States v. Chittenden*, No. 1:12-cr-00394-AJT-4 (E.D. Va. filed Jan. 31, 2024 & entered Feb. 1, 2024).

Turning to the garnishment disposition order, the Mandatory Victims Restitution Act (MVRA), Pub. L. No. 104-132, 110 Stat. 1227-41, authorizes the Government to enforce a restitution judgment "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a); *see* 18 U.S.C. §§ 3663A(d), 3613(f), 3664(m)(i)(A)(1). One available method of enforcement is the Federal Debt Collection Procedures Act (FDCPA), Pub. L. 101-647, 104 Stat. 4789, which includes procedures for garnishment, *see* 28 U.S.C. § 3205. "[T]he MVRA treats restitution orders like tax levies for purposes of garnishment enforcement," whereby "the [G]overnment steps into the [debtor's] shoes and acquires whatever rights the [debtor] [her]self possesses." *United States v. Frank*, 8 F.4th 320, 331 (4th Cir. 2021) (internal quotation marks omitted).

Upon commencement of a garnishment proceeding under the FDCPA, the Government must serve notice of the action upon the garnishee and the judgment debtor. 28 U.S.C. § 3205(c)(3). The garnishee must answer the writ and describe the property of the debtor within the garnishee's possession. 28 U.S.C. § 3205(c)(4). The debtor must be served with instructions for objecting to the garnishee's answer and for obtaining a hearing on the objections. 28 U.S.C. § 3205(c)(3)(B). If the debtor requests a hearing within 20 days of receipt of the garnishee's answer, the district court shall hold a hearing on the debtor's objections. 28 U.S.C. § 3205(c)(5). The district court is authorized to enter a

4

garnishment disposition order upon the expiration of the debtor's time to object if no hearing is requested.  28 U.S.C. § 3205(c)(7).

Chittenden did not respond to any of the garnishees' answers.  Nor did she otherwise object to or attempt to quash the writs of continuing garnishment.  In doing so, she forfeited her opportunity to dispute the garnishment of her identified funds.  While Chittenden now attempts to challenge the garnishment disposition order by disputing her underlying restitution obligation, her arguments are misplaced.  *See United States v. Onyeri*, 996 F.3d 274, 281 (5th Cir. 2021) ("It is well-settled that a defendant may not use a garnishment proceeding to challenge the underlying judgment and restitution order in his case.").

Chittenden also seeks to challenge the manner in which the Government disbursed her garnished funds following their liquidation.  But Chittenden did not raise or develop these matters before the district court.  Her failure to do so precludes our meaningful consideration of these issues.[3]  *See NAACP v. Bureau of Census*, 945 F.3d 183, 193 (4th Cir. 2019) ("[W]e are a court of review, not first review." (internal quotation marks omitted)); *cf. Frank*, 8 F.4th at 331-33 (discussing fact-intensive inquiry necessary to determine tax implications of garnishing defendant's retirement accounts).  Because Chittenden does not identify any valid basis for overturning the garnishment disposition order, we affirm the district court's order.  *United States v. Chittenden*, No. 1:12-cr-00394-AJT-4 (E.D. Va. Feb. 10, 2023).

---

[3] Chittenden appears to have recently raised these or related issues in a motion currently pending before the district court.  We express no opinion as to the merits of that motion, leaving any consideration to the district court in the first instance.

5

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*